IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PERRY WASHINGTON | * |
| | * |
| v. | * |
| | *   Civil No.  JKS - 09-2998 |
| MICHAEL J. ASTRUE | * |
| Commissioner of Social Security | * |
| | * |

## MEMORANDUM OPINION

Claimant Perry Washington brought this action pursuant to 42 U.S.C. §405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying his Supplemental Social Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382 *et seq*.  The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition.  ECF No. 8.  Washington's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Washington's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

## I. Background.

Washington first filed an application for SSI benefits on June 8, 2006, due to hepatitis C, arthritis, depression, gout, prior cocaine use, and high blood pressure.  (R. 125-35).  The Social Security Administration denied his claim upon reconsideration on March 20, 2007.  (R. 68-69).  A hearing before an Administrative Law Judge (ALJ) was held on April 6, 2009.  (R. 19-45).  On May 14, 2009, the ALJ found Washington not disabled under the Social Security Act.  (R. 9-18).  The Appeals Council denied his request for review, thus making the ALJ's decision the final decision of the Commissioner.  (R. 1-3).  Mr. Washington filed this action on Nov. 11, 2009.

## II. ALJ's Decision.

The ALJ evaluated this claim using the five-step sequential evaluation process set out in 20 CFR § 416.1520(a). First, the ALJ determined that Washington has not engaged in substantial gainful activity since the onset date. (R. 11). At step two, the ALJ concluded that Washington has the following severe impairments: hepatitis C; hypertension; gout; chronic neck and back pain; and history of alcohol abuse. (R. 11). The ALJ determined at step three, however, that these impairments or their combination did not meet or medically equal any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 11-13). At step four, the ALJ determined that, although Washington does not have the residual functional capacity (RFC) to resume any past relevant work, he has an RFC to perform a limited range of light work. (R. 13-16). Finally, at step five, the ALJ determined that, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Washington can perform. (R. 17-18). As a result, the ALJ concluded that Washington has not been under a disability, as defined in the Social Security Act, from June 8, 2006 through the date of the ALJ's decision. (R. 18).

## III. Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater,* 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence

that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1995). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

## IV. Discussion.

Washington raises four issues on appeal. He argues that the ALJ improperly relied on the opinion of the Vocational Expert (VE), he contends that the ALJ should have found that his depression was a severe impairment, he argues that the ALJ did not give proper weight to the opinion of his treating physicians, and he argues that the ALJ did not properly evaluate his credibility.

### A. The ALJ Properly Relied on the Vocational Expert's Opinion.

Washington argues that the ALJ's reliance on the VE's opinion was faulty because the ALJ's questions to the VE did not include all of Washington's symptoms and limitations, particularly gout, pain, and depression.

In giving full individualized consideration to all relevant facts in a case, the ALJ must produce a VE to testify whether jobs exist that the claimant has the capacity to perform. *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir. 1992). For the VE's testimony to be relevant or useful, the ALJ must ask proper hypothetical questions that include all of the claimant's impairments. *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989). The questions must include only those limitations which the ALJ deems credible. *See English v. Shalala,* 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the questions posed to the VE reflected the ALJ's conclusions as to Washington's symptoms and limitations. (R. 41-43). The ALJ recognized Washington's gout as severe, but

3

noted that although he has toe pain, he "remains able to ambulate effectively." (R. 12, 14). The ALJ accepted the state agency physician's opinion that Washington can perform medium work, but gave Washington some credibility and reduced his work capacity to a limited range of light work. (R. 16).

In his questions to the VE, the ALJ posed more restrictive time and weight limits than those in the medical reports. (R. 41). The ALJ also included a pain-based limitation by asking the VE to consider a person who "because of pain would have up to a moderate limitation in the ability to keep up the pace." (R. 42). While taking into account the physicians' reports, the ALJ added these limits to reflect his conclusions as to Washington's symptoms and limitations, including Washington's gout and pain. Because the ALJ propounded questions to the VE based on all of the limitations he found, the ALJ could properly rely on the VE's testimony.

### B. The ALJ Properly Evaluated Washington's Depression as a Non-severe Impairment.

Washington argues that the ALJ ignored reports showing that Washington had, in the past, times of increased psychiatric symptoms, and varying GAF scores.

To be severe, an impairment or combination of impairments must significantly limit a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520. An impairment is not severe when medical and other evidence establish only a slight abnormality that would have no more than a minimal effect on an individual's ability to do work. 20 C.F.R. § 404.1521; *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1994). In *Evans*, the court found that the claimant's impairments were not severe because the record did not contain any evidence supporting such a conclusion and, in fact, supported the opposite conclusion. *Id.* at 1015.

In Washington's case, the record shows that he had an episode of decompensation in 2006, when he was hospitalized for depression. (R. 362). Since then, however, the substantial

4

evidence points to Washington being stable while on medication, having only mild depression, and having a mental status within normal limits. (R. 15, 281-92, 428-29). If a symptom can be reasonably controlled by medication or treatment, it is not disabling. *Gross v. Heckler,* 785 F.2d 1163, 1166 (4th Cir.1986).

The special technique to substantiate a mental impairment requires an ALJ to evaluate a claimant's pertinent symptoms, signs, and laboratory findings to determine whether he has a medically determinable mental impairment(s). 20 C.F.R. § 404.1520a(b)(1). A claimant's degrees of limitations are to be rated as either none, mild, moderate, marked or extreme, in activities of daily living; social functioning; and concentration, pace and persistence. 20 C.F.R. § 404.1520a(c)(3) and (4). Episodes of decompensation are rated as none, one or two, three, or four or more. *Id*. An ALJ need only rate the claimant in the four functional areas, and then make a finding as to the limitations in each area, to properly perform the technique. *Burke v. Astrue,* 306 F. App'x. 312, 315 (7th Cir. 2009); *Branum v. Barnhart*, 385 F.3d 1268, 1273 (10th Cir. 2004).

Here, the ALJ considered and evaluated Washington's limitations in the four areas, noting that Washington is stable on medication, and is mildly restricted in social functioning, activities of daily living, and concentration persistence and pace. The ALJ noted that Washington independently cares for himself and has good memory and concentration. (R. 12-13). In the area of decompensation, the ALJ acknowledged Washington's hospitalization for depression but noted that Washington has not had marked or repeated episodes. (R-13). The ALJ agreed with the State Agency's reviewing psychologist that Washington does not have a severe mental impairment, adding that this assessment is consistent with medical records indicating Washington is stable, has only mild symptoms and required hospitalization only once.

5

(R. 16; R. 228). Substantial evidence supports the conclusion that Washington's depression was not a severe impairment.

### C. The ALJ Gave Proper Weight to the Opinion of the Treating and Consulting Physicians.

Washington next argues that the ALJ ignored or rejected medical opinions and further failed to give sufficient reasons for his conclusions. An ALJ must always consider the medical opinions in a claimant's case record together with the rest of the relevant evidence that is received. 20 C.F.R. § 416.927(b). While the Commissioner must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404/1527(d)(2) and 416.927(d)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Moreover, it may be disregarded entirely where there is persuasive contradictory evidence. *Wilkins v. Secretary of DHHS*, 953 F.2d 93, 96 (4th Cir. 1991).

In Washington's case, the ALJ thoroughly reviewed all of the medical evidence presented, including the reports which he allegedly disregarded. (R. 13-16, R. 22-41).[1] The ALJ also listed reports from consultative physicians and psychiatrists and explained why he agreed or disagreed with their opinions. (R. 14-16). The ALJ properly reviewed and weighed the medical evidence.

### D. The ALJ Properly Evaluated Washington's Credibility.

An ALJ must first analyze a claimant's subjective complaints to determine whether a medical impairment exists that could reasonably cause the pain or symptoms alleged. 20 C.F.R.

---

[1] In his opinion, the ALJ references medical exhibits 1F, 2F, 4F, 5F, 7F, 12F, 13F, 9F, 15F, 18F, 21F, 24F, 25F and 26F. This includes a report about degenerative disc disease in the neck (18F) that Washington alleges the ALJ did not adequately consider.

§ 416.929(b). The ALJ then evaluates the intensity and persistence of the pain or symptoms to determine the extent to which they limit the claimant's capacity for work. 20 C.F.R. § 416.929(c). In addition, the ALJ is required to make credibility determinations about allegations of pain or other nonexertional disabilities, but credibility decisions should refer specifically to evidence supporting such conclusions. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Subjective complaints may be discounted if they are inconsistent with the evidence as a whole. *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996).

In Washington's case, the ALJ followed the required two-step process, finding that Washington had medical impairments that could cause the symptoms he alleged but that their intensity did not prevent him from working. The ALJ noted that Washington was able to cook, clean, and shop for himself, visit other people, attend church, and go to the gym. (R. 14). The ALJ noted that Washington's complaints about pain in his right hand were not credible because Washington produced no medical records establishing a medical impairment causing such pain. (R. 14). Washington also complained of constant neck pain, but he had last taken pain medication a week before the hearing. (R. 14, 30). Despite complaining of pain in his right elbow and knee from old injuries, and saying he could lift only 10 pounds and walk, sit and stand for short periods, Washington was not in treatment for these old injuries. Washington also failed to provide any medical records supporting his alleged inability to concentrate, and a medical exam found his abilities to be greater than he claimed.

On the other hand, the ALJ found that some of Washington's subjective complaints supported his conclusion that Washington could do only light work. The ALJ rejected a 2006 examination, (R. 16), and instead found that a March 2007 consultative examination did support

7

Washington's allegation of weakness in his hands. (R. 15, 266). The ALJ agreed that Washington has occasional balance problems and a limited ability for fine manipulation. (R. 16). The ALJ also rejected one examination's conclusion that Washington could perform medium work, instead finding that he could do only light work. (R. 16). The ALJ's conclusion that many of Washington's subjective complaints were not supported by his treatment records or consultative examinations, or were inconsistent with other records, is supported by substantial evidence.

**V. Conclusion.**

For the foregoing reasons, Washington's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.

Date: December 21, 2010  _____/S/_____
JILLYN K. SCHULZE
United States Magistrate Judge